FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JUN 16 2003

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

| | |
|---|---|
| LUPITA JAMES | PLAINTIFF |
| VS. | CASE NO. 4-03-CV-00463 JMM |
| PHILANDER SMITH COLLEGE and TRUDIE K. REED, in her individual and official capacity as President of PHILANDER SMITH COLLEGE, | DEFENDANTS |

This case assigned to District Judge _Moody_
and to Magistrate Judge _Forster_

**COMPLAINT**

The Plaintiff respectfully comes before this Court by and through her attorneys, Hewett Law Firm, and for her cause of action against the Defendants states and alleges:

### Jurisdiction

1. This is an action to enjoin discrimination and retaliation in employment pursuant to 42 U.S.C. Sec. 2000(e) et. seq., as amended by the Civil Rights Act of 1991 (hereinafter referred to as Title VII) and 42 U.S.C. §1981.

2. Jurisdiction is invoked upon this Court pursuant to 28 U.S.C. Sec. 1343. Venue is proper in this Court pursuant to 42 U.S.C. Sec 2000e-5(f)(3).

3. Pendent jurisdiction is also invoked to consider the claims of civil rights violations under the Arkansas Civil Rights Act, A.C.A. §16-123-101 et. seq. Plaintiff's complaint brings ancillary causes of action brought pursuant to 28 U.S.C.§1367.

### Parties

4. Plaintiff, Lupita James, is a African- American female and a citizen and resident of Little Rock, Pulaski County, Arkansas.

5. Defendant, Philander Smith College, is a non-profit corporation incorporated in the State of Arkansas and is located in Little Rock, Pulaski County, Arkansas.

6. Defendant, Trudie Kibbe Reed, is an African-American female who was and is the President of Philander Smith College. Defendant Reed is a citizen and resident of Little Rock, Pulaski County, Arkansas.

## Facts

7. On or about September 10, 2001, Plaintiff Lupita James was hired as the Director of Career Planning and Placement at Philander Smith College.

8. Soon after the Plaintiff assumed her position as Director of Career Planning, another employee by the name of Leroy began to subject the Plaintiff to acts of sexual harassment.

9. Leroy was an Afro-American male employee who worked in the Janitorial Department.

10. The sexual harassment by Leroy occurred on the premises of Philander Smith College and during working hours.

11. The unwelcomed and unsolicited acts of sexual harassment included, but was not necessarily limited to, the following:

a. On one or more occasions, Leroy inquired about Plaintiff's personal life, her marital status, and her social contacts with members of the opposite sex.

b. On one or more occasions Leroy asked the Plaintiff to accompany him on social occasions outside of working hours. Each of these requests was rejected by Plaintiff.

c. On one or more occasions, Leroy touched Plaintiff in a sexually provocative manner over the objection of Plaintiff. This treatment of Plaintiff was because of her sex in violation of Title VII.

d. On one or more occasions, Leroy spread untrue rumors about his personal association with Plaintiff.

e. On one or more occasions, Leroy told the Plaintiff that he did not want to see any other men in her office.

12. The acts alleged in Paragraph 11 were directed to Plaintiff because she was a female.

13. The sexual harassment of the Plaintiff continued until August 2002.

14. Soon after the sexual harassment began, the Plaintiff reported the sexual harassment to Leroy's immediate supervisor and her immediate supervisor. However, the sexual harassment by Leroy continued.

15. After the Plaintiff made her initial complaint and no action was taken, the Plaintiff made numerous complaints between late 2001 and August 2002. However, no action was taken.

16. After Plaintiff reported the sexual harassment, Defendants began a systematic program of harassment against the Plaintiff. This harassment continued until the Plaintiff was terminated by Defendant Reed on October 31, 2002.

### Claim I

17. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 16.

18. The unwelcomed sexual harassment by Leroy created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional well-being and her ability to perform her work.

19. Defendants at all times relevant hereto had actual and constructive knowledge of the conduct of employee Leroy.

20. Defendants failed to take all reasonable steps to prevent sexual harassment from occurring, and to protect Plaintiff from sexual harassment and retaliation.

21. As a direct and proximate result of Defendants' failure to act, Plaintiff has suffered and will continue suffer emotional distress, consisting of outrage, shock and humiliation.

### Claim II

22. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21.

23. After the Plaintiff reported the sexual harassment, the Defendants began to harass and intimidate the Plaintiff. This retaliation continued until Plaintiff was unjustifiably terminated in October 2002.

24. As a direct and proximate result of Defendants' acts of retaliation, Plaintiff has suffered and will continue suffer emotional distress, consisting of outrage, shock and humiliation.

### Claim III

25. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24.

26. The acts and omissions alleged herein are in violation of the Arkansas Civil Rights Act of 1993, A.C.A. 16-123-101, in that the Plaintiff was subjected to discrimination in the terms and condition of her employment based upon her sex, sexual harassment and retaliation.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

1. Declare that the above alleged acts of Defendants constitute sex discrimination, sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972 (42 U.S.C. § 2002 et seq.).

2. Direct Defendants to expunge all derogatory information from Plaintiff's personnel file which resulted from the discriminatory and retaliatory acts of Philander Smith College or any of its agents and employees.

3. Award damages for all discriminatory and negligent acts, including back pay, fringe benefits, loss of employment opportunities for future pay and advancement equal to the amount the Plaintiff would have earned but for the discriminatory acts of Defendants and its agents and employees. These damages shall be proved at time of trial.

4. Award Plaintiff damages sustained as result of emotional distress, including medical expenses.

5. Find that the individual Defendants discriminated against Plaintiff because of her sex.

6. Award reasonable attorney's fees and costs.

7. Award punitive damages.

8. Award other just and equitable relief as the Court deems fit.

9. Reinstate Plaintiff to her position with Philander Smith College.

10. **Demand jury trial.**

Respectfully submitted,

HEWETT LAW FIRM
1919 West 10th Street
Little Rock, AR  72202
(501) 372-1854


By: _____
Marceliers Hewett, 87081

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 251A300901 |

_____ and EEOC
*State or local Agency, if any*

**NAME** (Indicate Mr., Ms., Mrs.): Mr. Lupita D. James
**HOME TELEPHONE** (Include Area Code): (501) 568-1691
**STREET ADDRESS**: 7024 Azalea Drive, **CITY, STATE AND ZIP CODE**: Little Rock, AR 72209
**DATE OF BIRTH**: 08/02/1970

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: PHILANDER SMITH COLLEGE
**NUMBER OF EMPLOYEES, MEMBERS**: Cat B (101-200)
**TELEPHONE** (Include Area Code): (501) 375-9845
**STREET ADDRESS**: 812 W 13TH ST, **CITY, STATE AND ZIP CODE**: LITTLE ROCK, AR 72202
**COUNTY**: 119

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST: 10/31/2002  LATEST: 10/31/2002
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

I was employed beginning in September 2001, in the position of Director of Career Planning and Placement. In late Fall 2001, and continuing, I was subjected to sexual harassment in the form of physical touching and suggestive sexual comments by a Janitor. I complained about the harassment, however, it continued. In July 2002, the harassment escalated to threatening behavior. I again reported the conduct and the harassment stopped. On October 31, 2002, I was discharged.

I was not given a reason as to why the harassment was allowed to continue. I was told that I was discharged due to budget cuts.

I believe that I was discharged in retaliation for my complaints of sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, and because I was regarded as having a disability, in violation of the Americans With Disabilities Act of 1990, as amended.

EXHIBIT 1

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

Date: 3/14/03
Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

EEOC FORM 5 (Rev. 07/99)                                   **CHARGING PARTY COPY**